IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PEDRO JUAN GARCIA,

       Plaintiff,

v.

EAU CLAIRE COUNTY JAIL AND STAFF,
OFFICER FLAKY, OFFICER OATES,
OFFICER LAUER, OFFICER BERGIVEN,
SERGEANT FIELD, and
MENTAL HEALTH COUNSELOR SHARON,

       Defendants.[1]

OPINION & ORDER

16-cv-18-jdp

---

  Pro se plaintiff Pedro Garcia is in the custody of the Wisconsin Department of Corrections, and he is currently on active community supervision. While plaintiff was detained in the Eau Claire County jail, he filed a proposed complaint alleging poor treatment at the jail. Dkt. 5. Among other things, plaintiff alleged that he was forced to sleep without a mattress for two months, went with little food, and had his threats of suicide ignored. Plaintiff made an initial partial payment of his filing fee, as directed by the court.

  The next step in this case is for me to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief can be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). After reviewing the complaint with this principle in mind, I conclude

---

[1] Plaintiff names "Officer Flaky" as a defendant. Dkt. 5, at 1. But in the body of plaintiff's complaint, he describes conduct by "Officer Flakey." This appears to be the same individual, whom I will refer to as Officer Flaky because that is the name listed in the caption.

that plaintiff has adequately alleged claims against defendants Officer Flaky and Sergeant Field. But the remaining allegations in plaintiff's complaint fail to provide a short and plain statement of a claim. Moreover, plaintiff's allegations involve several incidents that may not be part of the same transaction, and it is not clear that they all belong in the same suit. I will therefore give plaintiff an opportunity to amend his complaint to address these deficiencies.

ALLEGATIONS OF FACT

The relevant events of this case occurred while plaintiff was detained in the Eau Claire County jail. According to publicly available information about plaintiff's criminal history, it appears that he had been arrested and charged with several misdemeanor violations and was awaiting a combined plea-sentencing hearing. Although plaintiff names several jail employees as defendants in this case, his complaint does not describe how anyone other than defendants Flaky and Field were involved in unlawful conduct.

Plaintiff does not provide a narrative of what exactly happened to him at the Eau Claire County jail. Rather, he lists a series of events that occurred between March 9, 2015, and July 1, 2015. He alleges that:

- "They" (plaintiff does not say who) made him sleep without a mattress for two months to cause him physical pain, as a form of discipline;
- "They" took plaintiff's blanket for seven days and put him in a room with the air conditioning running;
- "They" gave plaintiff little to no food, and when plaintiff received food, it was missing things like a spoon and apple juice;
- Plaintiff found a rock in his beans and it cracked his tooth;
- After plaintiff hung himself and went to the hospital, "they" took everything but his pants and ignored his later threats and attempts of suicide;

- He was not allowed to have a pencil or paper; and

- Every time that plaintiff asked for a grievance form, "they" told him that he could not submit a grievance for the issue about which he was complaining, and plaintiff became afraid that "they" would not give him food if he asked for a grievance form.

*See generally* Dkt. 5, at 2-3.

As for conduct that plaintiff attributes to specific defendants, every time that Flaky served food, plaintiff did not receive a spoon, milk, or cereal (it is not clear whether plaintiff received other food or simply no food at all). Flaky also kicked plaintiff "with a garbage can" in April 2015 and told him to eat ants. *Id.* at 3. With regard to Field, plaintiff alleges that when he asked for a blanket or a mattress, "they" would tell him that he could not have either because Field had said so. *Id.*

ANALYSIS

Under Federal Rule of Civil Procedure 8, plaintiff must present "a short and plain statement of the claim showing that [he] is entitled to relief." The purpose of the requirement is "to provide the defendant with 'fair notice' of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Here, plaintiff alleges that defendants violated his constitutional rights by depriving him of food, denying him a mattress and bedding, ignoring his threats of suicide, kicking him, and denying him the opportunity to submit grievances. Construing plaintiff's complaint liberally, I conclude that some of his allegations state claims against defendants Flaky and Field. But for the remaining allegations, plaintiff has not provided a short and plain statement of a claim. Thus, although plaintiff has satisfied Rule 8 with regard to some defendants, I will direct him to amend his complaint to include missing details that might turn his existing allegations into plausible claims.

Plaintiff alleges that Flaky kicked him on one occasion and served him food without a spoon, milk, or cereal. Plaintiff also alleges that Field directed other jail personnel to refuse to give him a blanket or a mattress. It appears that plaintiff was a pretrial detainee at the time that the relevant events occurred. This means that the Due Process Clause of the Fourteenth Amendment—as opposed to the Eighth Amendment's prohibition on cruel and unusual punishment—applies to his claims. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012). But I may draw guidance from Eighth Amendment principles to determine whether plaintiff has stated claims against defendants because "the protections of the Fourteenth Amendment's due process clause are at least as broad as those that the Eighth Amendment affords to convicted prisoners." *Id.*

Here, plaintiff alleges that he was deprived of bedding, clothing, and food, and that he was kicked on one occasion. Deprivations of basic necessities are objectively serious. *See Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006) ("A lack of heat, clothing, or sanitation can violate the Eighth Amendment."). But as for Flaky serving plaintiff food, plaintiff does not allege how often his food was missing items, nor does he provide details about the circumstances under which he did not receive "a spoon, milk, or cereal." Dkt. 5, at 3. Short-term or de minimis deprivations of basic necessities do not constitute objectively serious conditions. *See Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) ("Short-term impositions are simply part of the general level of discomfort anyone can expect to experience while in custody. . . . it is not unreasonable for a pretrial detainee to expect to experience a short-term imposition on a basic human necessity."). At this point, I cannot determine whether plaintiff's allegations about the food that he did or did not receive support a claim against Flaky.

4

The law is not settled as to how a pretrial detainee's claims concerning the conditions of his confinement differ from a convicted prisoner's claims, particularly with regard to the requirement that a plaintiff prove the defendant's subjective state of mind (which is typically the second component of an Eighth Amendment analysis). The Seventh Circuit has indicated that for a pretrial detainee's claims, "the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). Yet this statement is somewhat at odds with the Supreme Court's holding that in excessive force cases, pretrial detainees must show only that the force used on them was objectively unreasonable—there is no subjective element. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).[2] I do not need to resolve this issue now because, whatever the standard is, plaintiff has satisfied it. Based on the allegations in plaintiff's complaint, I can infer that Flaky acted with a sufficiently culpable state of mind when kicking plaintiff and providing insufficient food. I can also infer that Field acted with a sufficiently culpable state of mind when instructing other guards to withhold a blanket and a mattress.

Although plaintiff has adequately pleaded claims against Flaky and Field for violating his constitutional rights, plaintiff's other claims do not comply with Rule 8. For example, plaintiff links very few of his allegations to particular individuals. Section "1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to

---

[2] Perhaps *Kingsley* is limited to excessive force claims, and not claims about conditions of confinement. But that would be a highly technical distinction and one that the Seventh Circuit appears to reject. *See Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) ("There was great debate between the parties as to whether *Kingsley*—which originated from our circuit— controls in this case. Although *Kingsley* was an *excessive force* due process case, unlike Davis's case, its discussion is instructive to our due process analysis." (original emphasis)).

support a viable claim." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Thus, in amending his complaint, plaintiff must describe what each specific defendant did and how each defendant's actions violated plaintiff's constitutional rights. He should avoid general or vague allegations about what "they" did, unless he first describes who "they" are. Because plaintiff has not identified the specific defendants who deprived him of bedding, food (other than the allegations against Flaky), and clothing, I cannot allow him to proceed with these claims. Plaintiff also has not identified the specific defendants who ignored his threats of suicide or failed to intervene to prevent him from harming himself. Likewise, plaintiff does not identify the specific defendants who denied him a pencil, paper, and grievance materials, and so I cannot allow him to proceed with these claims either.

I will give plaintiff an opportunity to amend his complaint to fill in the missing details. Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- Who deprived plaintiff of bedding, clothing, food, paper, and a pencil, and when, how, and why did they do so?
- Who failed to assist plaintiff when he threatened suicide and what were the circumstances of his acts of self-harm?
- What were the circumstances under which jail officials subjected plaintiff to these conditions and how long did he experience them?
- Did plaintiff tell jail officials about these conditions? If so, when, and how?

The amended complaint will completely replace the original complaint, so plaintiff should include all of the allegations from the original complaint that he thinks are important and that state claims against Flaky and Field. Plaintiff should also add new allegations that provide further explanation of his claims and answer the questions listed above.

6

Once plaintiff satisfies Rule 8, I may have to address whether he can pursue each of his claims against each of the defendants in a single suit. Rule 18(a) provides that "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." And Rule 20 authorizes joinder of multiple defendants into one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

The Seventh Circuit has emphasized that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* Here, plaintiff appears to be asserting several unrelated claims against different defendants. In amending his complaint, plaintiff should include only related claims (i.e., claims against the same defendant, or claims against several defendants that arise out of the same transaction or occurrence). If plaintiff's amended complaint does not comply with Rules 18 and 20, then I may have to require plaintiff to choose which claims to pursue in this case and which claims to pursue in a different lawsuit.

ORDER

IT IS ORDERED that plaintiff Pedro Juan Garcia may have until June 24, 2016, to file an amended complaint that provides a short and plain statement of a claim against defendants, and that complies with Federal Rules of Civil Procedure 18 and 20.

Entered June 3, 2016.

              BY THE COURT:

              /s/
              _____
              JAMES D. PETERSON
              District Judge