IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PEDRO JUAN GARCIA,

                Plaintiff,

   v.

EAU CLAIRE COUNTY JAIL AND STAFF,
OFFICER FLAKY, OFFICER OATES,
OFFICER LAUER, OFFICER BERGIVEN,
SERGEANT FIELD, and
MENTAL HEALTH COUNSELOR SHARON,

                Defendants.

ORDER

16-cv-18-jdp

---

After screening pro se plaintiff Pedro Garcia's proposed complaint, I concluded that he had appeared to state claims against defendants Officer Flaky and Sergeant Field for violating his Fourteenth Amendment rights. Dkt. 9. But I directed plaintiff to file an amended complaint to address deficiencies that I identified for other claims that he had alleged against different defendants. *Id.*

Plaintiff has filed three responses to my order. In his first response, plaintiff "ask[s] that we continue the suite [sic] against Flakey and Sgt Fields and the rest be considerd [sic] witnesses or extend my time so I may write up exactly everything that happend [sic]." Dkt. 10. In his second response, plaintiff provides additional details about some of the allegations in his complaint. Dkt. 12. In his third response, plaintiff provides additional details about some of the allegations in his complaint, presents new allegations, and requests that I appoint him counsel. Dkt. 15.

After reviewing plaintiff's submissions, I conclude that he cannot include each of his allegations in one case. I will describe the possible lawsuits that plaintiff's submissions could

support, and I will direct him to file an amended complaint that contains only one set of related allegations. I will also deny plaintiff's request for assistance recruiting counsel.

All told, plaintiff's factual allegations could give rise to two separate lawsuits:

1. A case against Flaky, Field, defendant Mental Health Counselor Sharon, and Lieutenant Christenson (who is not currently a defendant in this case). Plaintiff alleges that Flaky violated his Fourteenth Amendment rights by using excessive force when he kicked plaintiff and by creating unconstitutional conditions of confinement when he gave plaintiff "little to no food." Dkt. 5, at 2-3 and Dkt. 12, at 1. Plaintiff also alleges that Field violated his Fourteenth Amendment rights when he created unlawful conditions of confinement by instructing jail staff to not give plaintiff a blanket or a mattress and by giving plaintiff little to no food. Dkt. 5, at 3 and Dkt. 15, at 1. As for Sharon, plaintiff alleges that she violated his Fourteenth Amendment rights by creating unconstitutional conditions of confinement when she did not respond to plaintiff's complaint that he was not receiving a blanket. Dkt. 15, at 1. Plaintiff also alleges that Christenson violated his First Amendment right of access to the courts by destroying video tapes of Flaky kicking him. *Id.* at 2. Finally, plaintiff alleges that Field violated his First Amendment rights by taking plaintiff off-site and verbally intimidating him in retaliation for filing grievances and lawsuits. *Id.*

2. A case against defendant Officer Lauer. Plaintiff alleges that Lauer violated his Fourteenth Amendment rights by ignoring his threats of suicide. Dkt. 12, at 1 and Dkt. 15, at 2. Plaintiff also alleges that Lauer violated his First Amendment right of access to the courts by denying him grievance materials. Dkt. 15, at 2.

These two sets of allegations arise from different events and are against different defendants. Thus, plaintiff cannot combine all of them into one case. *See* Dkt. 9, at 7.

I will direct plaintiff to file an amended complaint that alleges all of the facts that he thinks are necessary to proceed with one of the two lawsuits identified above. These allegations must all be in *one* document, which will replace all other complaints in this case. If plaintiff decides to pursue any additional lawsuits that I have identified, then he must submit separate complaints and initial partial payments of $1.33 for each additional lawsuit. The clerk's office will open a new case for each complaint and partial payment that it receives.

At this point, plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8 because it does not provide "a short and plain statement of the claim showing that [plaintiff] is entitled to relief." Plaintiff's complaint also does not comply with Rules 18 and 20 because it includes unrelated claims against unrelated defendants. I will therefore dismiss the complaint and give plaintiff an opportunity to amend it.

Finally, I will deny plaintiff's request for assistance recruiting counsel. But I will do so without prejudice to plaintiff renewing his request later in this case. Litigants in civil cases do not have a constitutional right to a lawyer and I have discretion to determine whether assistance recruiting counsel is appropriate in a particular case. *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007). To prove that assistance recruiting counsel is necessary, this court generally requires that a pro se plaintiff: (1) provide the names and addresses of at least three lawyers who declined to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *Id.* at 655; *see also Young v. Cramer*, No. 13-cv-077, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013).

Plaintiff has not submitted letters from lawyers who have declined to assist him with this case, which is reason enough to deny his motion. *See Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) ("[T]he district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts."). If plaintiff decides to file a motion for assistance recruiting counsel later in this case, then he must provide adequate documentation that he has requested assistance from at least three firms or attorneys, and that these requests have been unsuccessful.

Plaintiff also cannot meet the second requirement for assistance recruiting counsel: demonstrating that the legal and factual difficulty of this case exceeds his ability to prosecute it. It is too early to tell whether plaintiff's claims will outstrip his litigation abilities. In particular, the case has not passed the early stage in which defendants may file a motion for summary judgment based on exhaustion of administrative remedies, which often ends up in dismissal of cases such as plaintiff's before they advance deep into the discovery stage of the litigation. Should the case pass the exhaustion stage, and should plaintiff continue to believe that he is unable to litigate the suit himself, then he may renew his motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Pedro Garcia is DENIED leave to proceed on his claims against defendants Eau Claire County Jail and Staff, Officer Flaky, Officer Oates, Officer Bergiven, Sergeant Field, and Mental Health Counselor Sharon.

2. The complaint, Dkt. 5; Dkt. 12; Dkt. 15, is DISMISSED for failure to comply with Federal Rules of Civil Procedure 8, 18, and 20. Plaintiff may have until July 27, 2016, to file an amended complaint that provides a short and plain statement of a claim against defendants.

3. If plaintiff fails to timely amend his complaint, then I will dismiss this action, with prejudice, for failure to state a claim upon which relief can be granted.

4. Plaintiff's motion for assistance recruiting counsel, Dkt. 15, is DENIED without prejudice to plaintiff renewing his request later in this case.

Entered July 7, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4